CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 0 6 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MATTHEW BRIAN ASLINGER, et al., ) <br> Petitioners, ) | Civil Action No. 7:07cv00529 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GERALD M. McPEAK, et al., ) <br> Respondents. ) | By: Samuel G. Wilson <br> United States District Judge |

Petitioners, Matthew Brian Aslinger, Tony Ray Riddle, Kevin Lee Dudley, Cesario Carlos Acosta, Jimmy Everette Coffey, Henry Ortiz, Nathan Kelly Hurley, and Joshua Warren Gallimore, filed this petition for writ of mandamus against Gerald M. McPeak, the Superintendent of New River Valley Regional Jail ("NRVRJ"), and Gene M. Johnson, the Director of the Virginia Department of Corrections ("VDOC"). Petitioners request the court order the respondents to transfer all of them from the NRVRJ, a local jail, to VDOC facilities. For the reasons stated, the court denies their petition for writ of mandamus and dismisses this action.

I.

Petitioners allege that they are all state inmates housed at NRVRJ, which is not a VDOC facility. Petitioners state that they "desire a prompt transfer to a [VDOC] facility, so that they may take advantage of the superior selection of recreational and rehabilitative programs offered by the [VDOC]." Petitioners also point out what they perceive as the many differences between being housed at the NRVRJ and a VDOC facility, including: (1) inmates at NRVRJ are charged higher medical co-payments; (2) inmates at NRVRJ are charged for haircuts; (3) NRVRJ inmates are "made to sleep on the floor"; (4) NRVRJ inmates must buy their own t-shirts, socks, and underwear; (5) inmates at NRVRJ are made to wear plastic shower shoes to recreational activities; (6) inmates at NRVRJ are allowed only two hours of recreation a week and only one hour at a time; (7) NRVRJ

inmates' food portions are "very small," are not nutritionally balanced, and do not "meet the calories need[ed] for a healthy diet"; and finally that (8) NRVRJ is designed to hold between 300 to 350 inmates, but on "any given day, the[re are] 650 to 700 inmates." Petitioners claim that they "believe that the overall conditions of confinement do not meet [VDOC] policies concerning the overall treatment of [VDOC] inmates." Accordingly, petitioners request the court order that they all be transferred to VDOC facilities.

## II.

Pursuant to 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." District courts do not have jurisdiction to grant mandamus relief against state officials. See Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969). Further, the court's authority to issue a writ of mandamus extends only to the issuance of writs necessary or appropriate in aid of its jurisdiction. 28 U.S.C. § 1651. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear an undisputable." In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (internal quotations omitted); see also First Fed. Sav. & Loan Ass'n v. Baker, 860 F.2d 135, 138 (4th Cir. 1988).

In this case, petitioners seek mandamus relief against the Superintendent of NRVRJ and the Director of the VDOC, both state officials, and thus, this court does not have jurisdiction to order the relief requested. Moreover, petitioners' right to the relief sought is not clear and undisputable.

2

In fact, the Supreme Court has held just the opposite. See Meachum v. Fano, 427 U.S. 215 (1976) (an inmate has no right to be housed in any particular facility). Accordingly, the court finds that petitioners are not entitled to mandamus relief.[1]

### III.

For the reasons stated, the court denies this petition for writ of mandamus.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the petitioners.

**ENTER**: This 6th day of November, 2007.

_____
United States District Judge

---

[1] Moreover, the court will not construe their petition as a civil rights complaint pursuant to 42 U.S.C. § 1983 because, in addition to having no constitutional right to be housed at a particular facility, petitioners have not alleged that they have suffered any injury as a result of the conditions of which they complain. Furthermore, they do not assert that either of the named defendants was personally involved in a violation of their constitutional rights. Finally, they do not allege that they have exhausted their administrative remedies as to any claim they might have.